ELISHA COMSTOCK, APPELLANT, v. ELECTUS DYE AND FRANKLIN CARPENTER, SHERIFF OF SARATOGA COUNTY, RESPONDENTS.

*New trial on ground of newly-discovered evidence — costs of former trial — must be paid by applicant for.*

A new trial, on the ground of newly-discovered evidence, should only be granted upon condition that the party applying therefor shall pay the costs of the former trial.

APPEAL from an order made at the Special Term, setting aside a judgment in favor of the plaintiff entered upon the report of a referee, and a levy made under an execution issued thereon, and directing a new trial, costs to abide the event.

*P. H. Cowen*, for the appellant.

*L'Amoreaux, Dake & Whalen*, for the respondents.

*Per Curiam:*

On the trial of this action one Luther was called as a witness for the plaintiff. He testified that he was not the owner of the claim in suit, but that he had a power of attorney to collect it, and that

the power of attorney could not be found.     Other evidence was given tending to show that the instrument, executed by the plaintiff to Luther, was not an assignment of the claim, but only a power of attorney.     The defendants were, therefore, unable to give any evidence of statements made by Luther, tending to invalidate the claim.     Since the trial it has been discovered by the defendants that the instrument mentioned was an assignment of the claim. They moved, therefore, to set aside the judgment and report of the referee, and the motion was granted, the costs to abide the event.

This was substantially a motion for a new trial upon newly-discovered evidence.     The rule in such cases is that the motion, when granted, is on the terms that the moving party pay the costs of the former trial.     In this present case the learned justice, who granted the motion, probably thought that a fraud had been practiced by the plaintiff, and that for this reason the defendants should not pay the costs.     It may be that, so far as Luther is concerned, this view is correct.     But the plaintiff is not distinctly connected with any supposed fraud on the trial.     And although, on the affidavits, it appears now that Luther is at least the principal owner of the claim, still the plaintiff may, on another trial, be able to contradict Luther's ownership.     We cannot therefore assume, beyond doubt, that Luther is the only person affected by this question of costs.

And there are general reasons why the right to a new trial on newly-discovered evidence should be granted with caution and upon terms.     Parties should make every preparation for the trial as if it were to be final.     It is only as a favor that they can have a new trial on the ground that they have better evidence to produce. Under all the circumstances we think that this case should follow the ordinary rule.     And the order must be modified so that the relief granted shall be on payment by the defendants, within twenty days of notice of this order, of the costs and disbursements of the former trial and of entering judgment, as already taxed.

No costs on this appeal to either party.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Order modified so as to set aside judgment and grant new trial on payment of costs of former trial and of entering judgment. No costs of this appeal.